IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH BUFORD POLLARD, III,

    Petitioner,                  No. CIV S-09-2625 DAD P

    vs.

SUPERIOR COURT SHASTA        ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, an inmate at the Shasta County Jail, is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has filed several applications to proceed in forma pauperis and motions with the court.

        The court has examined petitioner's first in forma pauperis application (Doc. No. 2), filed on September 18, 2009. The application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a). Petitioner's applications to proceed in forma pauperis filed on September 28, 2009, October 19, 2009, and October 20, 2009, will be denied as unnecessary.

/////

/////

/////

1

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases.[1] "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

Petitioner filed his original federal habeas petition on September 18, 2009, and then filed amended petitions on October 19, 2009 and October 20, 2009. However, at the time petitioner commenced this habeas action, he was still pending trial in the underlying criminal prosecution in state court. As the United States Supreme Court has recognized:

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.

Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Thus, petitioner was not "in custody" under a conviction or sentence when he filed his original habeas petition with this court. Therefore, this habeas action is premature and should be dismissed.

In light of the conclusion reached above, petitioner's motion for removal from state prison to attend court proceedings affecting his parental or marital rights, filed on October 1, 2009, will also be denied. Moreover, petitioner's motion to have his criminal trial removed from state court, filed on October 14, 2009, will be denied.

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Accordingly, the court will exercise its discretion in this case and apply the section 2254 rules to the instant 28 U.S.C. § 2241 habeas petition.

According, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Doc. No. 2), filed on September 18, 2009, is granted;

2. Petitioner's applications to proceed in forma pauperis (Docs. No. 5, 10, and 13), filed on September 28, 2009, October 19, 2009, and October 20, 2009, are denied as unnecessary;

3. Petitioner's motion for removal from state prison to attend court proceedings affecting parental or marital rights (Doc. No. 6) filed on October 1, 2009, is denied;

4. Petitioner's motion for removal of his criminal trial from state court (Doc. No. 7) filed October 14, 2009, is denied; and

5. The Clerk of the Court is directed to randomly assign this action to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed because it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 5, 2010.

DAD:4
poll2625.156

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3